UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY POOLE,

        Petitioner,

 -against-           08 Civ. 6236 (RMB) (MHD)

THE PEOPLE OF NEW YORK,     **DECISION & ORDER**

        Respondent.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/09

## I. Background

On or about July 10, 2008, Gary Poole ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his January 20, 2006 conviction, following a jury trial in New York State Supreme Court, New York County, for criminal possession of a controlled substance in the third degree in violation of New York Penal Law § 220.16(1). Petitioner was sentenced to a six year term of imprisonment, followed by three years of post-release supervision. (Pet. for Writ of Habeas Corpus, dated July 10, 2008 ("Pet.") at 1.)

Petitioner appealed his conviction arguing, among other things, that "the court erred in denying [his] motion to suppress drugs [and money] recovered" at the arrest, and that "the court's introduction [of] the lesser charge of criminal possession in the seventh degree . . . warrants reversal in the interest of justice." (Pet. Ex. A (Br. for Def.-Appellant, dated May 2007) at 13, 18.) On November 29, 2007, the Appellate Division, First Department affirmed Petitioner's conviction, finding that "probable cause [for arresting and searching Petitioner] was established," and that Petitioner's argument regarding a lesser charge was "unpreserved" and the lower court properly "decline[d] to review it in the interest of justice." People v. Poole, 847 N.Y.S.2d 42, 42–43 (1st Dep't 2007). On March 18, 2008, the New York

State Court of Appeals denied Petitioner leave to appeal. See People v. Poole, 886 N.E.2d 813, 813 (N.Y. 2008).

In his Petition, Petitioner incorporates by reference the same claims that were raised in his state appellate brief, dated May 2007. (See Pet. at 2, 4, Ex. A.) On November 14, 2008, Respondent filed an opposition to the Petition arguing, among other things, that "Petitioner's Fourth Amendment claim is barred from review in this Court," and that "Petitioner's claim concerning the jury charge is procedurally barred, unexhausted, and meritless." (Resp't Mem. of Law in Opp'n to the Pet., dated Nov. 14, 2008 at 18, 20.)

On August 28, 2009, United States Magistrate Judge Michael H. Dolinger, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending that the Petition be denied. (Report at 2, 18.) Judge Dolinger concluded, among other things, that: (1) Petitioner's Fourth Amendment claim is "precluded from habeas review pursuant to Stone v. Powell, 428 U.S. 465 (1976)"; and (2) Petitioner's jury charge claim is "unexhausted, procedurally barred, and . . . without merit." (Report at 1–2.)

The Report advised that, "[p]ursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections." (Report at 18.) To date, neither party has submitted objections.

**For the reasons set forth below, the Report is adopted in its entirety and the Petition is denied.**

## II.   Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y.

2007). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

When a petitioner is proceeding pro se, the Court will liberally construe his petition and interpret it to state the strongest argument that it suggests. Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference. Having conducted a review of, among other things, the Petition, the Report, and applicable legal standards, the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

#### (1) Fourth Amendment Claim

Judge Dolinger properly concluded that the "claims relating to asserted unconstitutional searches and seizures are barred from habeas review" because the state courts of New York offered Petitioner "full and fair litigation of . . . Fourth Amendment claim[s]." (Report at 9 (quoting Stone, 428 U.S. at 482)); see Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992); Garcia-Lopez v. Fischer, No. 05 Civ. 10340, 2007 U.S. Dist. LEXIS 36447, at *34 (S.D.N.Y. May 16, 2007); Castillo v. Miller, No. 04 Civ. 6157, 2005 U.S. Dist. LEXIS 8014, at *15 (S.D.N.Y. Apr. 28, 2005).

#### (2) Jury Charge Claim

Judge Dolinger properly concluded that "Petitioner's [jury charge] claim . . . is barred from habeas review." (Report at 11.) "Since the New York State Supreme Court, Appellate Division has expressly relied on a procedural default as an independent and adequate state

ground for its judgment, and [Petitioner] has not demonstrated cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice, federal habeas review is barred." King v. Artus, 259 F. App'x 346, 347 (2d Cir. 2008) (internal quotations and citations omitted); see Poole, 45 A.D.3d at 501–02.

### IV.  Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

### V.  Conclusion and Order

For the reasons set forth in the Report and herein, the Court adopts the Report in its entirety. The Petition [#1] is denied, and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       September 21, 2009

RICHARD M. BERMAN, U.S.D.J.

4